IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JARED STICE an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>(1) DANIEL FEATHERSTONE, individually and in his capacity as an employee of: WOODGRAIN MILLWORK, INC., an Idaho Corporation, and WOODGRAIN DISTRIBUTION, an assumed name of MILLSOURCE, INC., an Idaho Corporation;<br>(2) WOODGRAIN MILLWORK, INC., an Idaho Corporation;<br>(3) WOODGRAIN DISTRIBUTION, an assumed name of MILLSOURCE, INC., an Idaho Corporation,<br><br>    Defendants. | No. 16-CV-446-KEW<br><br>(Removal from the District Court of Okmulgee County, Oklahoma Case No.: CJ-2016-118) |

## NOTICE OF REMOVAL

COME NOW Defendants Daniel Featherstone, Woodgrain Millwork, Inc., and Woodgrain Distribution, pursuant to 28 U.S.C. §§ 1332, 1441 & 1446 and local rule 81.2, and hereby remove this action to the United States District Court for the Eastern District of Oklahoma based on diversity jurisdiction. As grounds for removal, Defendants state:

1. On July 11, 2016, Plaintiff filed his Petition in the District Court of Okmulgee County, Oklahoma, Case No. CJ-2016-118. Plaintiff only requested damages "in excess of $10,000.00."

2. Plaintiff is a resident of the State of Oklahoma.[1]

3. It is agreed that Defendant Daniel Featherstone is a resident of the State of Texas.

4. It is agreed that Defendant Woodgrain Millwork, Inc., is an Idaho Corporation organized and with its principle place of business in the State of Idaho.

---

[1] Plaintiff alleged total diversity in his Petition and the Defendants collectively agree.

1

5. It is agreed that Defendant Woodgrain Distribution is an Idaho Corporation organized and with its principle place of business in the State of Idaho. Furthermore, at the time this action commenced and at all times since, Plaintiff and Defendants are and remain citizens of different states.

6. Plaintiff filed this action in State Court outside of the bounds of 12 O.S. § 2008(A)(2) by simply pleading "in excess of $10,000.00."

7. Defendants requested confirmation that Plaintiff seeks damages excess of $75,000.00.

8. Plaintiff acknowledged orally that he does want more than $75,000.00.

9. Defendants sent Plaintiff an interrogatory to confirm this oral admission after Plaintiff declined to place it in writing, asking whether the demand for judgment in the petition was in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code. Plaintiff refused to deny that his damages would exceed $75,000.00 in his Response to First Interrogatories, dated September 23, 2016, attached as Exhibit "1". In pertinent part Plaintiff stated:

> Plaintiff objects to this Interrogatory as it is still very early in the discovery process and still ongoing; further Plaintiff is still being medically treated thus the total of his actual or specific damages arc unknown at this time. Furthermore, this discovery request is overly broad and unduly burdensome. Subject to and without waiver of any objections, Plaintiff states that his medical bills alone are currently in excess of $18,000 and growing and as a result of his injuries sustained in this case, he may very well likely be foreclosed from pursuing his life-long career goals as an EMT and Firefighter; while he cannot say with certainty, damages **reasonably** exceed $10,000 as plead in the Petition and there is a possibly that the damages sought in this case **could ultimately exceed** $75,000.

Ex. "1". (emphasis added).

10. Defendants also served a Request for Admission on Plaintiff, asking that Plaintiff "admit or deny that your claim for relief is actually in excess of $75,000.01. [sic]" Plaintiff responded that "considering his actual damages, and future damages, both medical and in lost wages/earning capacity, the claim could be in excess of $75,000." (Ex. "2", Response to Request for Admission No. 3). Plaintiff declined to deny that his damages exceed $75,000.00.

11. Plaintiff has, through this and other discovery statements, placed Defendants on notice that they seek damages in excess of $75,000.00. As evidence of the same, Plaintiff is claiming the following litany of items as damage, adding that the financial impact is still accruing[2]:

   a. Physical pain and suffering;

   b. Mental pain and suffering;

   c. Physical condition following the accident;

   d. The nature and extent of his injuries;

   e. Possible permanent injuries as well as physical impairment;

   f. Loss of income;

   g. Impairment of future earning capacity (and his previous statement that he "may very well likely be foreclosed from pursuing his life-long career goals as an EMT and Firefighter");

   h. Expenses of his necessary medical care, treatment and services, both past and future.

Beyond this, the action surrounds a motor vehicle accident with the following allegations of injury: multiple shattered and fractured bones in his left ankle; bruised ribs; concussion; bulging

---

[2] The following items are drawn from Plaintiff's Response to Defendant Featherstone's 2nd Interrogatories, attached as Ex. "3"

discs in his back/lower spine and upper spine/neck; and other injuries that allegedly caused him great pain of mind and body.

12. Under 12 O.S. § 3226(a), Plaintiff was required to produce initial disclosures providing a computation of his damages within 60 days of service.  Plaintiff has not done so, though many of the damages alleged are quantifiable at this time (including but not limited to loss of earning capacity, impairment, lost wages (which Plaintiff has identified in discovery), medical bills, future medical treatment).

13. The fact that Plaintiff is well acquainted with the nature of his quantifiable damages and is unable to deny that they are in excess of $75,000.00, while admitting it is "possible" that they "could exceed" this amount is demonstrative—when taken in concert with the extent of alleged physical injuries alone— that the amount in controversy is in excess of $75,000.00.

14. This Court has established jurisprudence which offers guidance in such situations where a Plaintiff may be attempting to avoid Federal jurisdiction.  In *Murchison v. Progressive N. Ins. Co.*, 564 F. Supp. 2d 1311(2008), the plaintiff was attempting to evade the direct question from a Defendant regarding whether damages exceeded $75,000.00, by declining to admit or deny the jurisdictional amount in a Request for Admissions.   In in the present case, Defendants submitted both a request for Admission and an Interrogatory seeking to establish the jurisdictional amount. Plaintiff's responses to both are sufficient to establish that the amount in controversy exceeds $75,000 under the preponderance of evidence standard recognized in *Murchison*. *Id* at 1315. This conclusion is further supported by the Court's discussion in *Murchison* of its position regarding evasive discovery answers:

> The court notes that, while it is perfectly willing to whittle down its docket by remanding cases, it is growing a bit weary of plaintiffs attempting to hide behind the Oklahoma pleading code to avoid federal jurisdiction. This court has received one motion to remand after another with plaintiffs complaining that, under the

Oklahoma pleading code, they should not have to let defendants know whether or not they are seeking more than $75,000.00. The court has little sympathy for such games. It does not follow that simply because the Oklahoma pleading code only requires plaintiffs to state that at a minimum they are seeking an amount in excess of $10,000.00 that plaintiffs may then hide the actual amount they are seeking to avoid federal diversity jurisdiction.[3]

In this case, Plaintiff has never stated that the amount in controversy is *not* over $75,000.00. In fact, as the court noted above, this Plaintiff asserted in her Motion to Stay that to participate fully in discovery, she fears she would ultimately acquiesce in the removal. She provides no clear legal authority or factual scenario for how this "acquiescence" would actually occur in this case. Moreover, the court does not buy Plaintiff's argument that further discovery is needed to determine the amount of her own damages. The court reminds the Plaintiff that an award of *actual* damages is designed to reasonably compensate her for what *she* has suffered. *See CitiFinancial Mortg. Co., Inc. v. Frasure,* No. 06-CV-160, 2008 WL 2199496, at *10 (N.D.Okla. May 23, 2008). Perhaps Plaintiff believes she is in need of further discovery to find some bad conduct by Defendant. Yet, objectionable conduct by a defendant, no matter how depraved, has no affect on the amount of *actual* damages. Who better to know the amount of damages she has suffered than Plaintiff herself? The court is not sure how further discovery will assist Plaintiff in ascertaining the amount of *her own* damages, and Plaintiff has provided the court with no guidance to solve that riddle. Thus, the court fears her professed ignorance of the actual amount in controversy is simply part of her attempt to play hide the ball and avoid federal jurisdiction. The court is not amused.

The court has previously speculated that perhaps the removal regime following the *Laughlin* decision permitted such games, and may unintentionally give plaintiffs an incentive to play games with both discovery and removal mechanisms. Moreover, when a plaintiff is requesting emotional distress damages, such as here, the question becomes how a defendant is to present an "economic analysis" of such non-economic damages when the information as to those damages resides literally and solely within the plaintiff. **Accordingly, this court will no longer blithely ignore evasive machinations designed entirely to thwart federal jurisdiction. An evasive answer to a request for admission regarding the amount of damages will now and henceforth be construed by this court against the evading party.** The court will, of course, take the facts of each case individually. Unfortunately many such cases are just like this one: The Plaintiff *knows* the amount sought exceeds $75,000.00. The Defendant *knows* the amount sought exceeds $75,000.00. The court *knows* the amount sought exceeds $75,000.00. Indeed, the court *knows* that the parties themselves know it.

*Murchison* at 1315-1316, emphasis added.

---

[3] Since the decision in *Murchinson* Oklahoma has revised 12 O.S. § 2008 and now requires that the party state whether the damages exceed the minimum amount in 28 U.S.C. § 1332.

The Eastern District of Oklahoma could not have made its position any clearer regarding evasive discovery responses and veiled attempts to remain out of federal court.

15. Pursuant to 28 U.S.C. § 1446(b)(3) "if the case stated by the initial pleading is now removable, a Notice of Removal may be filed within 30 days after receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

16. Defendants were first placed on notice that the case is "one which is or has become removable" on September 23, 2016 when they received the foregoing Answer to Interrogatory and Response to Defendants' Request for Admission, which do not deny that the claim exceeds $75,000.00.

17. Attached hereto as Exhibit "4" is the docket sheet for the state court case, Exhibit "5" is a copy of Plaintiff's Petition and Summonses.  Exhibit "6" is a compilation of the remaining filings in the case. Exhibit "7" is a copy of the Notice of Filing Notice of Removal.

WHEREFORE Defendants Daniel Featherstone, Woodgrain Millwork, Inc., and Woodgrain Distribution, an assumed name of Millsource, Inc., pray that this matter be removed from the District Court of Okmulgee County, Oklahoma to the United States District Court for the Eastern District of Oklahoma and that all proceedings in the State Court be stayed.

JURY TRIAL DEMANDED.

    Respectfully submitted,

    **STEIDLEY & NEAL, P.L.L.C.**

    s/ Stacie L. Hixon.
    Philard L. Rounds, Jr., OBA #7780
    plr@steidley-neal.com
    Stacie L. Hixon, OBA #19477

slh@steidley-neal.com
CityPlex Towers, 53rd Floor
2448 East 81st Street
Tulsa, Oklahoma 74137
(918) 664-4612 telephone
(918) 664-4133 facsimile

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

_____ I hereby certify that on the \_\_\_\_\_ day of October, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

_____ I further certify that on the \_\_\_\_\_ day of October, 2016, I have mailed the document via the U.S. Postal Service to the following non-CM/ECF participant:

Stephanie J. Milburn
Fontanez Law Firm, PLC
616 S. Boston Ave., Ste. 300
Tulsa, Oklahoma 74119

s/ Stacie L. Hixon
Steidley & Neal